IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUN -4 AM 11: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MICHAEL L. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CV 02-J-2764-S |
| ASHLEY FURNITURE INDUSTRIES, | ) |
| INC., RONALD WANEK, TODD | ) |
| WANEK, CHARLES VOGEL, KERRY | ) |
| LEBENSBERGER, JULIE JACKSON, | ) |
| and JAMES WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

ENTERED
JUN 4 2003

## MEMORANDUM OPINION

Pending before the court are plaintiff's motion to voluntarily dismiss his Title VII claims and remand this action back to state court (doc. 33) and defendant Ashley Furniture's motion to dismiss (doc. 31) which this court converted into a motion for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The court has reviewed the motions and the parties' other submissions.

**I. Plaintiff's Motion to Voluntarily Dismiss his Title VII Claims and Remand**

First, plaintiff seeks to voluntarily dismiss his Title VII claims and remand this action to state court. However, even if this court granted plaintiff's motion to voluntarily dismiss his Title VII claims against defendant, this court would retain subject matter jurisdiction over this action because plaintiff also has a claim under the Age

37

Discrimination in Employment Act. Amended Complaint at ¶¶ 1, 85(9). Accordingly, it is therefore **ORDERED** that plaintiff's motion to voluntarily dismiss the Title VII claim and remand is **DENIED**.

## II. Defendant's Motion for Summary Judgment

Pending before the court is defendant's motion for summary judgment (doc. 26). Plaintiff set forth a variety of claims in his amended complaint including federal claims under Title VII, the ADEA and state law claims for breach of contract, breach of good faith and fair dealing, fraud, and failure to pay commissions. Plaintiff has failed to respond to said motion. Based upon a consideration of defendant's motion and evidentiary materials submitted in support thereof, the court finds as follows:

### A. Background

From January 1999 until October 13, 2000, Benton Robertson operated under a contract to serve as the sales representative for Ashley Furniture in Alabama. Robertson's contract with Ashley Furniture provided that Robertson serve as an independent contractor to Ashley rather than an employee. Defendant's Exh. A. Plaintiff was hired by Robertson in March of 1999 to serve as a sales associate. On October 2, 2000, Robertson discontinued his duties for Ashley. From this point until December 5, 2000, plaintiff continued to perform his duties. On December 5, 2000, plaintiff was hired

by Julie Jackson, who continued Robertson's duties for Ashley to oversee the Alabama territory.

On December 15, 2000, plaintiff sent an e-mail to Ashley indicating that he had not been paid for any commissions from October to December 2000. Defendant's Exh. D. Ashley replied that plaintiff was an employee of Robertson and then Jackson and he would have to address any issues about his commissions to them. Defendant's Exh. D. On December 31, 2000, Jackson terminated plaintiff from his employment. Defendant's Exh. E.

On September 10, 2001, plaintiff wrote a letter to Ashley reiterating that Ashley owed plaintiff commissions that he was due for October to December 2000. Ashley responded by reiterating its position that plaintiff was Jackson's employee during the relevant period and he would need to address the situation with her. On November 1, 2001, Jackson's attorney sent plaintiff a check for $6,303.24. Miller cashed this check.

Plaintiff now brings claims under Title VII, the ADEA, and various state law claims.

**B. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

3

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

**C. Analysis**

### i. Plaintiff's Title VII Claims

Title VII requires a plaintiff to file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination where the state does not have an equivalent to the EEOC. *Jones v. Dillards, Inc.*, 2003 WL 21250859 (11th Cir. May 30, 2003). Alabama is such a state without an equivalent to the EEOC. *Id.* Accordingly, the 180 day filing period applies in the present case. *Id.* Plaintiff was terminated on December 31, 2000, the last possible date upon which defendant discriminated against plaintiff. Defendant's Exh. E. More than 180 days have now passed since the date the alleged discriminatory acts were taken against plaintiff and no evidence has been presented that plaintiff ever filed a complaint with the EEOC. Accordingly, plaintiff's

Title VII claims are dismissed with prejudice.

### ii. Plaintiff's ADEA Claims

The elements of a claim under the ADEA are that: 1) an employer, 2) failed or refused to hire or to discharge, 3) any individual, 4) with respect to his compensation, terms, conditions, or privileges of employment, 5) because of such individual's age. *Morrison v. Amway Corp.*, 323 F.3d 920, 926 (11th Cir. 2003). Defendant disputes that it served at any time as plaintiff's employer. Instead, defendant asserts that plaintiff was defendant's independent contractor. Defendant's Motion at ¶ 20. The ADEA merely defines an employee as "any individual employed by an employer." 29 U.S.C. § 1002(6). As this definition is not particularly helpful and since the ADEA and Title VII are virtually identical, the Court of Appeals for the Eleventh Circuit has adopted the definition of an employer under Title VII for use in ADEA cases. *Morrison*, 323 F.3d at 926. Thus an employer "means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." 42 U.S.C. ¶ 2000e(b). A defendant's independent contractor does not qualify as an employee under the ADEA. *Garcia v. Copenhaver, Bell & Associates, M.D., PA*, 104 F.3d 1256, 1266 (11th Cir. 1997).

The Court of Appeals for the Eleventh Circuit has utilized two different tests for determining whether an individual was an employee or independent contractor of a

company in the context of an ADEA case. However, the Court of Appeals for the Eleventh Circuit has not explicitly decided whether to apply the hybrid or agency test for determining whether an independent contractor relationship exists in an ADEA case. *Garcia,* 104 F.3d at 1266.

The common law agency test provides that, "[i]n determining whether hired party is 'employee' under general common law of agency and, thus, under ERISA, the following factors are considered: hiring party's right to control manner and means by which product is accomplished, skill required, source of instrumentalities and tools, location of work, duration of relationship, right to assign additional projects, extent of hiring party's discretion over when and how long to work, method of payment, hiring party's role in hiring and paying assistants, regular business of hiring party, employee benefits, and tax treatment of hired party." *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992) quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989). This common-law test "contains no shorthand formula or magic phrase that can be applied to find answer, [and thus] all incidents of relationship must be assessed and weighed with no one factor being decisive." *Id.* quoting *NLRB v. United Insurance Co. of America*, 390 U.S. at 258. The hybrid test provides that the above common law test of agency should be evaluated in light of the economic realities. *Cobb v. Sun Papers*, 673 F.2d 337 (11th Cir. 1982). While the Eleventh Circuit has yet to determine which test to utilize, it has noted that central issue in both tests is the "hiring

party's right to control the manner and means by which the work is accomplished." *Garcia*, 104 F.3d at 1266.

The evidence present before this court indicates that plaintiff was an employee of Ashley Furniture's independent contractor and not an employee of the company. Ashley Furniture entered into an agreement with Benton Robertson to sell Ashley's products to retailers. This agreement explicitly provided that Robertson was to be employed as an independent contractor. Exh. A at ¶ 2. This agreement also provided that the independent contractor (Robertson) would be responsible for all taxes, worker's compensation premiums and other "incidents of employment." *Id.* Furthermore, the agreement provided that anyone employed by the independent contractor to work on the Ashley account would be an employee of Robertson and an independent contractor to Ashley. *Id.* All of plaintiff's commissions were paid to plaintiff by Robertson. No evidence has been presented that Ashley Furniture exercised any control over plaintiff's work or that plaintiff was anything but Ashley Furniture's independent contractor. Therefore, under either the common-law or hybrid test, plaintiff is not an employee of Ashley and accordingly, plaintiff's ADEA claim should be dismissed.

### iii. State Law Claims

As plaintiff's only federal law claims are due to be dismissed, it is within this court's discretion to remand the plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3) provides that "[t]he district court[] may decline to exercise supplemental

jurisdiction over a claim under subsection(a) if the district court has dismissed all claims over which it has original jurisdiction." *See also Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Hardy v. Birmingham Board of Education*, 954 F.2d 1546, 1550 (11th Cir. 1992). Accordingly, this court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

**DONE** and **ORDERED** this the ___3___ day of June 2003.

Inge P. Johnson
U.S. District Judge